### (*) CRAIG *versus* WEBBER.

The remedy given by R. S., c. 148, § 49, against one who aids in a fraudulent transfer or concealment of a debtor's property, is allowed to *creditors* only.

During the pendency of an action of tort, sounding in damages, the plaintiff's right to recover does not constitute him a creditor.

For aids given to the defendant in a fraudulent transfer or concealment of his property, pending an action of tort, sounding in damages, the statute gives to the plaintiff no right of action.

The plaintiff, however, in such a suit, becomes a creditor, upon the rendition of a judgment in his favor for damages.

ON REPORT from *Nisi Prius*, APPLETON, J., presiding. CASE.

Craig *v.* Webber.

The plaintiff, in 1846, commenced an action of trespass *quare clausum fregit*, against one Willa, and, in June, 1851, recovered judgment therein, damage $1, cost $37,26.

In 1847, while that suit was pending, Willa fraudulently and without consideration transferred his property to the defendant for the avowed purpose of keeping it from seizure on the execution which the plaintiff might in that action recover.

This suit was brought on Dec. 22, 1851, and was founded on R. S., c. 148, § 49, for aiding Willa in the fraudulent transfer or concealment of the property.

The case was withdrawn from the jury and submitted to the Court.

*C. P. Brown*, for the plaintiff.

This statute provides "that any person who shall knowingly aid or assist any debtor or prisoner in any fraudulent concealment or transfer of his property, to secure the same from creditors, and to prevent the seizure of the same by attachment, or levy on execution, shall be answerable to any creditor, who may sue for the same, in double the amount of the property, so fraudulently concealed or transferred; not, however, exceeding double the amount of such creditor's just debt or demand."

The facts present the exact case, which the statute was designed to meet, unless it be that the plaintiff was not a creditor of Willa. We contend he was such a creditor within the intendment of the statute.

Webster defines the term creditor to be "a person to whom a sum of money or other thing is due, by obligation, promise, or in law." "Correlative to debtor."

Willa had invaded the plaintiff's rights, and done him an injury. A demand thence arose, which he was morally and legally bound to satisfy. Was not here, then, "money or other thing due," both by "obligation" and "in law?" Could not the plaintiff have obtained that money, if the defendant had not wrongfully interfered to take the defendant's pro-

perty? and the taking was precisely in the language of the statute, "to prevent the seizure by attachment or levy."

The reason of the statute extends as fully to persons in- . jured by a trespass as to one holding a promissory note.

Upon recovering his judgment, the plaintiff instantly became a creditor, if he was not so before. *Meserve* v. *Dyer*, 4 Maine, 52. But though the defendant took the property before the judgment was recovered, he has continued to retain it till this time, and that retaining is to be treated as a renewal of the taking every day. Hence he took it and held it when the plaintiff was undeniably a creditor.

But it may be said that, at the time of the defendant's fraudulent taking, the plaintiff's damage was unliquidated. But the legal maxim is, that "that is certain, which is capable of being made certain," and the damage was reduced to a certainty before this suit was brought.

*Knowles*, for the defendant.

APPLETON, J. — This is a special action on the case, in which the plaintiff, under the provisions of ' R. S., c. 184, § 49, claims to recover of the defendant for aiding in the fraudulent transfer or concealment of the property of one Henry S. Willa, whose creditor he alleges himself to be.

It appears in evidence that the plaintiff having commenced an action of trespass against Willa, he, during the pendency of the suit, fraudulently transferred his property to the defendant without consideration, and for the avowed purpose of preventing its seizure, on such execution as might eventually be recovered. Some time after this transfer, judgment was obtained, which remains unsatisfied. From the evidence reported, the defendant is within the section on which this suit is founded, and would, under its provisions, undoubtedly be liable to any of the creditors of Willa. The question here' presented, is whether, having at the time of the transfer an unliquidated claim for damages, the plaintiff is to be deemed a creditor within a just construction of the Act.

The R. S., c. 148, § 49, give the right of action against

persons aiding in the fraudulent concealment or transfer of pro-
perty " *to any creditor*" who shall sue, and he is entitled
to recover " double the amount of property so fraudulently
concealed or transferred, not however exceeding double the
amount of *such creditor's just debt or demand.*" Debtor and
creditor are correlative terms implying correlative relations,
simultaneous in their origin and inseparable in their existence.
No debt exists without a corresponding credit. The distinc-
tion between contracts and torts is recognized in all codes.
Contracts are entered into; they are the results of mutual
assent between the parties to them. Torts are committed
without and against consent. An unliquidated claim for dam-
ages, as for words spoken, or for a trespass to person or pro-
perty, would not, in the ordinary use of language, imply the
relation of debtor and creditor between the slanderer and the
person slandered, or between the trespasser and the person
upon whose rights a trespass had been committed. Nor have
the words any such technical signification, so that such should
be considered their meaning when used in legislative enact-
ments. " In general, whenever a contract is such as to give
one of the parties a right to receive a certain and liquidated
sum of money from the other, (as in the case of a bond for
the payment of money or an implied promise to pay for goods
supplied, so much as they shall be reasonably worth,) a debt
is said to exist between the parties, while on the other hand,
if the demand be of uncertain amount, as when an action is
brought against a bailee, for injury done through his negli-
gence to an article committed to his care, it is described not
as a *debt*, but as a claim for *damages.*" 2 Steph. Com. 187.
In the construction of the statute of foreign attachments, no
claim for a tort is deemed to be embraced within the word
" credits." " A man may be liable to another to an action for
slander, assault and battery or any other *tort*," says MELLEN,
C. J., in *Rundlett* v. *Jordan*, 3 Greenl. 47, " in which heavy
damages would be given, but such a *liability* would not ren-
der him a trustee." When the remedy of the defendant lies
in *tort* merely against another, such person cannot be sum-

moned as trustee. *Paul* v. *Paul,* 10 N. H., 117. The language of the English Bankrupt Law is more general than that of the statute under consideration, yet, by the uniform course of the authorities, a claim for damages arising from a tort is not barred by a discharge. *Parker* v. *Norton,* 6 T. R., 695. The same construction has been given to the recent Bankrupt Act of the United States. *Hughes* v. *Oliver,* 8 Barr, 429. When a demand founded on tort passes into a judgment, it becomes a debt and is discharged. But to produce this result, judgment must be entered up before the bankruptcy. The mere assessment of damages by a jury or the award of referees, will not be sufficient. *Bress* v. *Gilbert,* 2 M. & S., 70; *Crouch* v. *Gridley,* 6 Hill, 250. In case of intestacy, if the next of kin refuse to administer upon the estate, the Judge of Probate may by statute commit administration to one of the principal *creditors,* but it would be a novel construction, which should declare the plaintiff in slander or in trespass a creditor and entitled to administer upon the estate of the defendant whom he had been pursuing.

The English statute against fraudulent conveyances, of which this is a fitting complement, has been construed to embrace creditors and those against whom a tort had been committed. But the language of that Act is most general, making all feoffments, gifts, grants, &c., contrived to delay, hinder or defraud creditors, or *others,* of their just and lawful actions, suits, debts, accounts, *damages,* &c., utterly void. So that though the plaintiff might have brought himself within that statute, and have been permitted to contest the conveyance to the defendant as fraudulent, it would by no means follow that he would be entitled to maintain the present suit.

The *just debts* or *demands* referred to in § 49, are such debts or demands as a creditor has, and such alone. The word demand, though a word of large signification, must be construed in connection with the rest of the sentence, and cannot be considered as enlarging the meaning of the words *just debt,* so that they should embrace torts, or creditor, so that it should mean any person having any claim whatsoever.

In *Fox* v. *Hills*, 1 Conn. 295, the statute of Connecticut against fraudulent conveyances, which provides that all fraudulent conveyances, &c., made to "*avoid any debt or duty* of others," as against the party whose debt or duty is endeavored to be avoided, should be utterly void, received a judicial construction. It was there held that duty was commensurate with debt, and that a tort would not be embraced within the statute.

We can only judge of the intention of the Legislature by the language in which it is expressed. Words are to receive their ordinary and accustomed signification. An unwonted and unusual meaning is not to be attached to them, unless required by the most unmistakable indications that such was the Legislative purpose. If the Legislature had intended to confer a right of action upon one situated like the plaintiff, a few words only were necessary to render such intention most evident. It can hardly be conceived that they would have been thus sparing in their use of language. We think the plaintiff cannot, without a manifest and palpable disregard of the usages of speech, be considered as having been a creditor of Willa at the time of his fraudulent transfer of his property to the defendant. Not having been a creditor *then*, he cannot maintain this action. *Thatcher* v. *Jones*, 31 Maine, 528.

It may be expedient to extend the remedial benefits of this statute so as to embrace all causes of action. That, however, is a question for the Legislature, and can afford no aid in its construction.                                        *Plaintiff nonsuit.*

SHEPLEY, C. J., and TENNEY, RICE and HATHAWAY, J. J., concurred.